UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BOYLE & BOYLE, INC., d/b/a
Badcock Furniture Store,

    Plaintiff,

v.                                    Case No.:  2:23-cv-884-SPC-KCD

ALLIED INSURANCE COMPANY
OF AMERICA,

    Defendant.
_____/

## REPORT & RECOMMENDATION

Before the Court is Plaintiff Boyle & Boyle, Inc.'s Motion for Entitlement to Attorney's Fees and Costs Under Fla. Stat. § 627.428. (Doc. 39.)[1] Defendant Allied Insurance Company of America responded (Doc. 42), making this matter ripe. For the reasons below, the motion should be denied.

### I. Background

This is an insurance breach of contract case stemming from Hurricane Ian. Following the storm, Plaintiff filed a claim with Allied under a commercial insurance policy ("the Policy"). The parties agreed there was coverage but could

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

not settle on the loss attributable to the storm. Plaintiff then sued. (*See* Doc. 1.)

The case eventually went to appraisal. (Doc. 29.) The parties executed an appraisal award, and Allied has paid the award. (Doc. 42-2.) While everyone agrees that resolved the merits (Doc. 31), there's a sticking point. Plaintiff argues that Allied's payment of the appraisal award is a confession of judgment under Fla. Stat. § 627.428, which triggers attorney's fees. (Doc. 39.) What happened before Plaintiff filed suit is the lynchpin of whether fees are recoverable here. *See, e.g.*, *Hill v. State Farm Fla. Ins. Co.*, 35 So. 3d 956, 960 (Fla. Dist. Ct. App. 2010) ("It is only when the claims adjusting process breaks down and the parties are no longer working to resolve the claim within the contract, but are actually taking steps that breach the contract, that the insured may be entitled to an award fees under section 627.428[.]"). So the Court recounts the history of this dispute in detail.

Within a month of the storm, Plaintiff submitted a claim and Allied inspected the property. The inspection showed wind damage from Hurricane Ian and Allied extended coverage. (Doc. 24 at 1, Doc. 24-2.) Allied estimated the damage at $30,792.23 RCV and $29,616.25 ACV. Plaintiff disagreed with these figures and submitted a sworn proof of loss prepared by its public adjuster for $1,069,188.20. Plaintiff also asked for a second inspection.

Allied, in turn, retained an engineer (EDT Forensic Engineering & Consulting) to re-inspect the property. EDT concluded that additional damages were caused by Hurricane Ian. Based on EDT's findings, Allied increased its estimate to $42,403.92 RCV and $41,120.39 ACV. Allied also made another payment of $12,101.17 under a supplemental coverage. Allied sent a partial denial letter and the EDT report to Plaintiff's public adjuster. (Doc. 24-2.) After that, Allied received no further communications disputing its updated estimate. Instead, Plaintiff filed a Civil Remedy Notice with the Florida Department of Financial Services.

In September 2023, Plaintiff sued in state court and Allied removed the case here. A month later, Plaintiff filed a second Civil Remedy Notice. Plaintiff did not demand appraisal in either Civil Remedy Notice.

In early November 2023, the parties filed a joint request to extend the time to seek appraisal. (Doc. 20.) That same month, Plaintiff advised Allied, for the first time, that it was demanding appraisal under the Policy.[2] (Doc. 24-3.) Days later, Plaintiff moved to compel appraisal. (Doc. 24). Allied contested the motion on waiver grounds. (Doc. 27.) The Court granted Plaintiff's request

---

[2] The Policy describes the appraisal process if the parties disagree about the amount of loss. (Doc. 19-1 at 52.)

for appraisal and stayed the case. (Doc. 29.) The appraisal concluded this past April. (Doc. 42-2.)

The Policy has a "Loss Payment" provision, which obligated Allied to pay the "covered loss or damage within 30 days after we receive the sworn proof of loss, provided you have complied with all of the terms of this policy; and (1) We have reached agreement with you on the amount of loss; or (2) An appraisal award has been made." (Doc. 19-1 at 55.)[3] The award totaled nearly $189,000, and after subtracting the deductible and past payments, Allied paid the balance within a week. (Doc. 42-2.) Plaintiff does not dispute that Allied has paid all amounts due under the Policy. But the parties have been unable to resolve whether Plaintiff is also entitled to fees and costs.

## II. Discussion

At the time relevant here, Florida law provided for an award of reasonable attorney's fees to an insured who obtained a "judgment or decree" against an insurer like Allied. Fla. Stat. § 627.428(1).[4] An insured can recover attorney's fees under this statute even in the absence of a literal judgment or decree when he obtains "the functional equivalent of a confession of judgment

---

[3] The Court uses the CM/ECF pagination for Doc. 19-1.

[4] Section 627.428 no longer allows attorney's fees in suits arising under residential or commercial property insurance policies. But the Court must apply the statute as it existed when the Policy was executed, and neither party argues otherwise. *See, e.g., Baptist College of Fla., Inc. v. Church Mut. Ins. Co.*, No. 5:22cv158-MW/MJF, 2023 WL 4358785, at *6 (N.D. Fla. June 23, 2023).

4

or a verdict," such as an appraisal award that exceeds what the insurer would have otherwise paid. *Ivey v. Allstate Ins. Co.*, 774 So. 2d 679, 684 (Fla. 2000); *see also Lewis v. Universal Prop. & Cas. Ins. Co.*, 13 So. 3d 1079, 1081 (Fla. Dist. Ct. App. 2009). Section 627.428's duty to pay attorney's fees is substantive law, so the Court applies it in this diversity action. *See All Underwriters v. Weisberg*, 222 F.3d 1309, 1311-12 (11th Cir. 2000).

To trigger fee-shifting under § 627.428, there must be a denial of benefits that is ultimately shown to be incorrect. *Johnson v. Omega Ins. Co.*, 200 So. 3d 1207, 1215-16 (Fla. 2016). "Section 627.428 is in the nature of a penalty against an insurer who wrongfully refuses to pay a legitimate claim[.]" *Great Sw. Fire Ins. Co. v. DeWitt*, 458 So. 2d 398, 400 (Fla. Dist. Ct. App. 1984).

Plaintiff argues that by paying the appraisal award, Allied confessed judgment under Fla. Stat. § 627.428. In response, Allied contends that the confession of judgment doctrine does not apply here. Allied argues that because there is no evidence Plaintiff was forced into litigation to receive payment, entitlement to fees has not been established.

The Eleventh Circuit's analysis of this issue in *J.P.F.D. Inv. Corp. v. United Specialty Ins. Co.* is instructive. 769 F. App'x 698 (11th Cir. 2019). There, the defendant insurer did not deny coverage under the insurance policy; instead, it disputed the amount of loss and made a partial payment. The insurer then demanded appraisal and promptly paid the ensuing award. In

5

assessing the plaintiff's later request for fees, the Eleventh Circuit noted that payment for a covered loss was not required under the policy until the parties agreed on the amount or an appraisal award was obtained. *Id.* Thus, the insured was not entitled to attorney's fees under § 627.428 because the insurer did not actually deny benefits under the policy before the lawsuit was filed. *Id.* The court explained:

> Construing the loss payment provision and the appraisal provision together, if the parties cannot agree on the covered loss amount, they must undergo the contractual appraisal process before [the insurer's] obligation to pay the covered loss amount ripens...Therefore, any claim for breach of contract for failure to pay would not accrue until after there was an appraisal award that [the insurer] refused to pay...Only after [the insurer] refused to pay the amount in the appraisal award would [the insured's] breach of contract claim accrue.

*Id.* at 706.

The same result follows here. As in *J.P.F.D.*, Allied was required to pay for the covered loss only if the parties agreed on the amount or an appraisal award was obtained. (Doc. 19-1 at 55.) Neither had occurred when Plaintiff sued. To warrant attorney's fees under § 627.428, there must be a denial of benefits under the policy that is ultimately incorrect. *Johnson*, 200 So. 3d at 1216. The facts here show there was not yet a denial of benefits, much less one that was incorrect. As in *J.P.F.D.*, "any claim for breach of contract for failure to pay would not accrue until after there was an appraisal award that [the insurer] refused to pay." 769 F. App'x at 706.

What is more, Allied had admitted coverage, paid a portion of the claim, and sent a revised estimate and explanation to Plaintiff's public adjuster. After that, for reasons unknown, Plaintiff stopped communicating about the claim. Instead, three weeks later, Plaintiff started legal proceedings. So when suit was filed, Allied was still trying to discuss its estimate with Plaintiff but received no response. In essence, then, Plaintiff "never gave [Allied] the opportunity to incorrectly deny the benefits before filing a lawsuit." *Goldman v. United Servs. Auto. Ass'n*, 244 So. 3d 310, 312 (Fla. Dist. Ct. App. 2018). It thus follows that an award of attorney's fees "would not be consistent with the purpose of Section 627.428." *J.P.F.D. Inv. Corp. v. United Specialty Ins. Co.*, 322 F. Supp. 3d 1263, 1272 (M.D. Fla. 2018); *see also Progressive Express Ins. Co. v. Weitz*, 218 F. App'x 846, 847 (11th Cir. 2007) (affirming the denial of attorney's fees under § 627.428 because the insurer "stood ready to arbitrate and pay the arbitration award, [and] did not wrongfully withhold payment of the proceeds of the policy"); *Rutherford v. Scottsdale Ins. Co.*, No. 5:19CV372-TKW-MJF, 2021 WL 12133906, at *3 (N.D. Fla. June 15, 2021) (denying fees under § 627.428 because the record showed that plaintiffs did not let the claims adjusting process "fully play out" before suing).

Plaintiff does not discuss *J.P.F.D.* Instead, it relies on several cases that awarded attorney's fees where the insured sued and recovered "substantial additional sums" through appraisal. (Doc. 39 at 4, *citing Lewis v. Univ. Prop.*

7

*& Cas. Ins. Co.*, 13 So. 3d 1079, 1081 (Fla. Dist. Ct. App. 2009)). But these decisions predate the Florida Supreme Court's most recent opinion on the topic—*Johnson v. Omega Ins. Co*. And as explained by the Eleventh Circuit, "the mere fact that there was an appraisal award in [the insured's] favor does not establish that there was an incorrect denial of benefits." *J.P.F.D.*, 769 F. App'x at 706 n.7. "[T]he appraisal award establishe[s] only that [the insurer's] estimate of the remaining damages was wrong, not that [the insurer] incorrectly denied benefits due under the policy." *Id.*

One last issue. Allied alternatively argues that Plaintiff's motion for fees is untimely. (Doc. 42 at 5-6.) The Court disagrees. Under Local Rule 7.01(b), a motion for entitlement must be filed within fourteen days of the judgment. Ten days after Allied paid the appraisal award, the parties told the Court that "the only remaining item . . . is attorney's fees and/or costs." (Doc. 31) They then asked to hold further settlement discussions on this topic. (Doc. 37.) Fourteen days after impasse, Plaintiff moved for fees and costs. (Doc. 39.) Considering Allied agreed to hold the attorney's fee issue in abeyance pending settlement discussions, it would be unfair to now declare Plaintiff's motion untimely.

Accordingly, it is **RECOMMENDED**:

1. Plaintiff Boyle & Boyle, Inc.'s Motion for Entitlement to Attorney's Fees and Costs Under Fla. Stat. § 627.428 (Doc. 39) be **DENIED**.

2. The case be dismissed because the appraisal award has been paid and nothing remains in dispute. *See, e.g.*, *Hoskins v. Kinsale Ins. Co.*, No. 3:20CV5909-TKW-ZCB, 2023 WL 6442618, at *4 (N.D. Fla. Sept. 8, 2023) (dismissing case where the appraisal award had been paid and the remaining issues rendered moot).

**ENTERED** in Fort Myers, Florida on September 10, 2024.

*[signature]*
Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.