UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BOYLE & BOYLE, INC.,

    Plaintiff,

v.                                         Case No.:  2:23-cv-884-SPC-KCD

ALLIED INSURANCE COMPANY
OF AMERICA,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is United States Magistrate Judge Kyle C. Dudek's Report and Recommendation (Doc. 43). Judge Dudek recommends denying Plaintiff's Motion for Attorney's Fees (Doc. 39). Plaintiff objected (Doc. 44), and Defendant filed a Response (Doc. 45). The matter is now ripe for review.

When reviewing a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). When objections are made, the district court engages in a de novo review of the issues raised. Having examined the record, the Court overrules Plaintiff's objections and adopts Judge Dudek's Report and Recommendation in full.

This is an insurance breach-of-contract case stemming from Hurricane Ian, which made landfall in September 2022. Within a month of the storm,

Plaintiff filed a claim with Defendant for damages sustained to its commercial property. After an inspection, Defendant extended coverage. (Doc. 24 at 1, Doc. 24-2). Defendant initially estimated the damage at around $30,000, and it issued payment on December 7, 2022. Plaintiff disagreed with these figures and, on February 2, 2023, submitted a sworn proof of loss prepared by its public adjuster for $1,069,188.20. Plaintiff also requested a second inspection.

Defendant obliged. It retained an engineer (EDT Forensic Engineering & Consulting) to re-inspect the property. EDT concluded that additional damages were caused by Hurricane Ian. Based on EDT's findings, Defendant increased its estimate to roughly $42,000 and issued a supplemental $12,000 payment. And on July 23, 2023, Defendant sent a partial denial letter and the EDT report to Plaintiff's public adjuster and requested any additional information about the claim that could affect its decision. (Doc. 24-2).

Neither Plaintiff nor its adjuster responded to Defendant's letter, provided more information, or otherwise disputed the updated estimate. Instead, on August 14, it filed a Civil Remedy Notice with the Florida Department of Financial Services. (Doc. 45-1). Two days later, Plaintiff submitted a Notice of Intent to Initiate Litigation and demanded $1,084,383.00. (Doc. 44-1). On August 15, Defendant responded to Plaintiff's notice again outlining the basis for its coverage determination and adding:

> [Defendant] provided this information to the insured for their review and consideration. [Defendant] also issued a supplemental payment to the insured consistent with the findings of the investigation and the terms of the insurance policy. [Defendant] requested that the insured provide any additional information that may impact the coverage determination. Rather than provide any new information, this Notice was filed. Consequently, [Defendant] respectfully maintains its coverage position with regard to this claim.

(Doc. 44-2). Defendant than offered an additional $5,000 to settle the claim. Again, Plaintiff did not respond. Instead, on September 6th (eight days later) Plaintiff filed suit in state court, which Defendant later removed here. On October 23rd, Plaintiff filed a supplemental Civil Remedy Notice. (Doc. 45-1).

Central to this dispute is the Policy's "Loss Payment" provision. It provides that Defendant must pay the "covered loss or damage within 30 days after we receive the sworn proof of loss, provided you have complied with all of the terms of this policy; and (1) We have reached agreement with you on the amount of loss; or (2) An appraisal award has been made." (Doc. 19-1 at 55). As the foregoing indicates, the parties had not reached an agreement on the amount of loss and, given neither party invoked appraisal, no appraisal award had been issued. Plaintiff filed suit anyway.

On November 14, 2023, Plaintiff demanded appraisal for the first time (Doc. 24-3) and subsequently moved to compel appraisal (Doc. 24). Defendant opposed appraisal, arguing that Plaintiff's litigation conduct constituted a waiver. (Doc. 27). The Court disagreed and compelled appraisal. (Doc. 29). On April 2, 2024, the Appraisal Panel issued a corrected award totaling nearly

3

$189,000. (Doc. 44-3). After subtracting the deductible and past payments, this award required Plaintiff to pay an additional $145,871.14, which Defendant paid within a week—well within the thirty days required under the Policy.

The parties agree Defendant has now paid all amounts due under the Policy, but Plaintiff now seeks attorney's fees. After the parties briefed the issue, Judge Dudek recommended denying Plaintiff's fees, to which Plaintiff objected. And here we are.

Plaintiff seeks attorney's fees under Fla. Stat. § 627.428(1).[1] This section provides for an award of reasonable attorney's fees to an insured who obtained a "judgment or decree" against an insurer. Here, it is undisputed that there has been no "judgment or decree" in the literal sense. Even so, an insured can recover attorney's fees under this statute when he obtains "the functional equivalent of a confession of judgment or a verdict," which often is "the payment of a previously denied claim following the initiation of an action for recovery but prior to the issuance of a final judgment." *Johnson v. Omega Ins. Co.*, 200 So. 3d 1207, 1215 (Fla. 2016). For instance, an appraisal award. But key here is there must be a denial of benefits under the policy that is ultimately incorrect. *Id.* at 1215-16.

---

[1] This statute has since been amended and no longer allows attorney's fees in suits arising under residential or commercial property insurance policies.

4

In its Motion for Attorney's Fees, Plaintiff argues that, by paying the appraisal award, Defendant confessed judgment under this statute. But "the mere fact that there was an appraisal award in [the insured's] favor does not establish that there was an incorrect denial of benefits." *J.P.F.D. Inv. Corp. v. United Specialty Ins. Co.*, 769 F. App'x 698, 706 n.7 (11th Cir. 2019). It only establishes that Defendant's estimate of the damages was incorrect. *Id.* Relying on *J.P.F.D. Inv.*, Judge Dudek found there was no denial of coverage here, much less an incorrect one, so fees are unwarranted. He is correct.

Defendant never denied Plaintiff coverage. Rather, the dispute was about the amount of the covered loss. And, per the Policy, Defendant only had to pay for the covered loss once the parties agreed on the amount or an appraisal award was obtained. Prior to Plaintiff filing suit, neither of these conditions had been met, so payment was not yet required. Still, Defendant had paid the undisputed benefits and was attempting to resolve the dispute. It conducted two investigations, increased its estimate, issued supplemental payment, and, after receiving Plaintiff's Notice of Intent, offered an additional $5,000 to settle. And once the parties eventually went to appraisal and the panel issued an award, Defendant promptly paid it. Thus, Defendant never "denied" Plaintiff benefits under the Policy (much less incorrectly denied them), and it is not entitled to § 627.428 fees. *See J.P.F.D. Inv. Corp.*, 769 F. App'x at 706.

5

Nor was there a break-down in the claims-adjusting process. "It is only when the claims adjusting process breaks down and the parties are no longer working to resolve the claim within the contract, but are actually taking steps that breach the contract, that the insured may be entitled to an award fees under section 627.428[.]" *See Hill v. State Farm Fla. Ins. Co.*, 35 So. 3d 956, 960 (Fla. Dist. Ct. App. 2010). As Judge Dudek observed, it was Plaintiff who ceased communications with Defendant and filed suit. In doing so, Plaintiff "never gave [Defendant] the opportunity to incorrectly deny the benefits before filing a lawsuit." *Goldman v. United Servs. Auto. Ass'n,* 244 So. 3d 310, 312 (Fla. Dist. Ct. App. 2018).

Plaintiff argues in its Objection that Judge Dudek's analysis is flawed because he failed to consider Defendant's response to Plaintiff's Notice of Intent.[2] In it, Defendant stated that it "respectfully maintains its coverage position with regard to this claim" and offered an additional $5,000 to settle the dispute.[3] (Doc. 44-2). In Plaintiff's view, this "pithy" settlement offer was

---

[2] There is a good reason Judge Dudek did not consider this document: it was never made part of the record or otherwise mentioned in any briefing until Plaintiff raised it for the first time in its Objection. The Court has discretion in deciding whether to consider new evidence raised for the first time in an objection to the magistrate's Report and Recommendation. *See Tindal v. Def. Tax Grp., Inc.*, No. 8:19-CV-2907-T-60JSS, 2020 WL 6485002, at *1 n.1 (M.D. Fla. Nov. 4, 2020). Given this new evidence does not alter Judge Dudek's conclusion anyway, the Court will consider it.

[3] Defendant argues the Court cannot consider its response to Plaintiff's Notice of Intent because Fla. Stat. § 627.70152(6)(a) renders it inadmissible as evidence in any proceeding. But federal law controls the admissibility of evidence, so this provision is inapplicable. *Integrity Plaza LLC v. Westchester Surplus Lines Ins. Co.*, No. 2:24-CV-723-JLB-KCD, 2024

6

tantamount to an incorrect coverage denial. (Doc. 44 at 8). But context is important.

This $5,000 offer was not made in isolation. It was made after Defendant conducted a second investigation, increased its estimate by $12,000, and requested additional information (to no avail). This suggests Defendant was still working to resolve the claim within the contract. *See J.P.F.D. Inv. Corp. v. United Specialty Ins. Co.*, 322 F. Supp. 3d 1263, 1270 (M.D. Fla. 2018), *aff'd*, 769 F. App'x 698 (11th Cir. 2019) ("[A]n award of attorneys' fees are not appropriate if the insurer was taking steps to resolve the dispute without court intervention."). If anything, it was Plaintiff's unwillingness to engage with Defendant that broke the claims-adjusting process. As best the Court can tell, Plaintiff's only communications with Defendant were its initial Proof of Loss followed by threats of litigation in the Civil Remedy Notice and the Notice of Intent. This does not warrant a fee award. *See 7635 Mandarin Drive, LLC v. Certain Underwriters at Lloyd's, London*, 392 So. 3d 592, 597 (Fla. Dist. Ct. App. 2024) ("Because courts have wanted to discourage a 'race to the courthouse' simply to secure the right to collect attorney's fees under the statute, courts have required that the insured and the insurer negotiate in good faith to settle a claim.").

---

WL 4563382, at *2 (M.D. Fla. Oct. 24, 2024) ("Because the text of § 627.70152(6)(a)(i) establishes an evidentiary rule, the provision does not apply here.").

What's more, Plaintiff could have invoked appraisal. "When an insured moves for attorney's fees [under § 627.428], the underlying issue is whether the suit was filed for a legitimate purpose, and whether the filing acted as a necessary catalyst to resolve the dispute and force the insurer to satisfy its obligations under the insurance contract." *People's Tr. Ins. Co. v. Farinato*, 315 So. 3d 724, 728 (Fla. Dist. Ct. App. 2021) (citation omitted). "Whether suit is filed before or after the invocation of the appraisal process is not determinative of the insured's right to fees; rather, the right to fees turns upon whether the filing of the suit served a legitimate purpose." *Lewis v. Universal Prop. & Cas. Ins. Co.*, 13 So.3d 1079, 1082 (Fla. 4th DCA 2009). Plaintiff's lawsuit served no legitimate purpose because it should have invoked appraisal before filing suit.

While an appraisal award is not a precondition to suit, it is a precondition under the Policy to payment of a covered loss when the parties disagree as to the loss amount. *See J.P.F.D. Inv.*, 769 F. App'x at 706. Because the parties could not agree, an appraisal award was required to trigger Defendant's obligation to pay. So the next logical step for Plaintiff should have been to invoke appraisal. Instead, it chose to file suit first. But there is no indication filing suit was necessary to compel appraisal.

This is not a case where the insured invoked appraisal and the insurer resisted thereby forcing the insured to file suit, or one in which the insured had

8

to file suit to confirm an appraisal award that the insurer refused to pay. *See, e.g.*, *Travelers Indem. Ins. Co. of Illinois v. Meadows MRI, LLP*, 900 So. 2d 676, 678 (Fla. Dist. Ct. App. 2005). Notably, once the appraisal award was issued, Defendant promptly paid it. It seems then that it was appraisal, not this lawsuit, that acted as the catalyst to resolving this dispute. Since this could have (and should have) been accomplished pre-suit, a fee award is unwarranted. *See J.P.F.D. Inv.*, 769 F. App'x at 707 ("Here, the completion of the appraisal process, and not the filing of JPFD's lawsuit, resulted in the payment of substantial additional funds."); *People's Tr. Ins. Co.,* 315 So. 3d at 730 (noting the confession-of-judgment doctrine "should not be applied where the insureds were not forced to sue to receive benefits").[4]

Plaintiff also argues that Judge Dudek "failed to consider . . . Defendant's attempts to object to the appraisal process and the significant amount awarded in appraisal." (Doc. 44 at 2). The relevance of these points is not entirely clear from Plaintiff's briefing. It makes little difference though because Defendant's objection and the fee award occurred *after* Plaintiff had filed suit. As Plaintiff concedes, it is what happened before Plaintiff filed suit that is the "lynchpin" of whether fees are recoverable under § 627.428(1). (Doc. 44 at 2). Plus, in opposing appraisal, Defendant argued Plaintiff's litigation conduct waived its

---

[4] This is not to say that Plaintiff was precluded from suing prior to invoking appraisal. But since it chose to do so, under these circumstances, attorney's fees are not appropriate.

right to invoke appraisal, a position that would have been unavailable had Plaintiff done so before suing. So these points are inconsequential.

In a final attempt to establish a broken-down adjusting process, Plaintiff cites Fla. Stat. § 627.70152(4)(b), which requires an insurer responding to a Notice of Intent, such as the one Plaintiff filed, to either make a settlement offer or require the insured to participate in appraisal (or other alternative dispute resolution). Plaintiff argues that "Defendant made a conscious decision to make an offer to settle for $5,000 rather than elect appraisal." Given this choice to offer a "pithy" settlement offer rather than appraise the dispute, the argument goes, Plaintiff "could conclude that there was a substantial breakdown in the claims adjusting process[.]" (Doc. 44 at 8). This argument makes little sense. The statute provides Defendant with two options: make an offer or invoke appraisal. Defendant chose the former. Plaintiff asks the Court to make a negative inference based on a choice the Florida Legislature explicitly permits. Simultaneously, it asks for a negative inference for Defendant's decision to forgo appraisal—something Plaintiff itself chose to do before it filed suit. The Court will not do either. Plus, Plaintiff never responded to Defendant's settlement offer. Instead, it filed suit eight days later.

In sum, Plaintiff's lawsuit is "the classic 'race to the courthouse' that served no legitimate purpose." *People's Tr. Ins. Co.,* 315 So. 3d at 730. As such,

10

Plaintiff's objections are overruled, and Judge Dudek's Report and Recommendation is adopted in full. And because it is undisputed Defendant timely paid Plaintiff the appraisal award, there is no need to confirm the award or enter judgment. So this case is dismissed. *See Hoskins v. Kinsale Ins. Co.*, No. 3:20CV5909-TKW-ZCB, 2023 WL 6442618, at *4 (N.D. Fla. Sept. 8, 2023) (dismissing case where the appraisal award had been paid and the remaining issues rendered moot).

Accordingly, it is now

**ORDERED:**

1. United States Magistrate Judge Kyle C. Dudek's Report and Recommendation (Doc. 43) is **ACCEPTED and ADOPTED**, and the findings are incorporated here.

2. This case is **DISMISSED**. The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on November 12, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record